Keith E. Sharkin (KS-1307)
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VOSS OF NORWAY, ASA;** ) <br> **VOSS PRODUCTION, AS;** ) <br> **ENERGY GROUP, AS;** and, ) <br> **G ENERGY, INC.** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **REVTECH, INC.** ) <br> ) <br> Defendant and ) <br> Counterclaim Plaintiff ) <br> ) <br> v. ) <br> **SOUTHERN WINE & SPIRITS OF** ) <br> **AMERICA,** et. al. ) <br> ) <br> Counterclaim Defendants. ) | **Civil Action No. 07-CV-7649 (LLS)** <br><br><br> **Jury Trial Demanded** |

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, VOSS OF NORWAY, ASA and its affiliate companies VOSS PRODUCTION, AS; ENERGY GROUP, AS; and, G ENERGY, INC. (collectively "Voss"), by and through its attorneys, hereby reply to Defendant's counterclaims, and without waiving any defense, states as follows:

## THE COUNTERCLAIMS

### Jurisdiction

47. Voss denies the allegations in Paragraph 47.

48. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 48 and therefore denies the same.

49. Voss denies the allegations in Paragraph 49, except that it admits that United States Patent No. 6,093,455 (the "'455 Patent") was issued by the United States Patent and Trademark Office ("USPTO") on July 25, 2000; that United States Patent No. 6,136,382 (the "'382 Patent") was issued by the USPTO on October 24, 2000; and that the USPTO issued Trademark Registration No 2,453,376 on May 22, 2001.

50. Voss denies the allegations in Paragraph 50, except that it admits that Voss is a Norwegian corporation whose principal business is the marketing and sale of artesian drinking water from Norway. It is also admitted that Voss' water comes from an artesian aquifer in Southern Norway, that the water is recognized worldwide for its unmatched purity, and that Voss' cylindrical bottle package has quickly developed a superior image and achieved significant market share in the ultra-premium bottled water market.

51. Voss admits the allegations in Paragraph 51

52. Voss denies the allegations in Paragraph 52, except it admits that it has sold bottled water to the Voss Product Distributors, as the term is used in the Counterclaim.

## Summary of the Counterclaim

53. Voss denies the allegations in Paragraph 53.

54. Voss denies the allegations in Paragraph 54, except it admits that on December 17, 1999 Voss of Norway AS and its affiliates entered into a License Agreement with RevTech, Inc., which is in writing and speaks for itself.

55. Voss denies the allegations in Paragraph 55, except it admits that Defendant RevTech sent personnel to Voss to train Voss employees in how to use the newly licensed technology on Voss' retrofitted Rosario printing machine.

56. Voss denies the allegations in Paragraph 56, except it admits that RevTech provided training to Voss employees over a period of several weeks.

57. Voss denies the allegations in Paragraph 57.

58. Voss denies the allegations in Paragraph 58.

59. Voss denies the allegations in Paragraph 59.

60. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 60 and therefore denies the same.

## The Licensed Processes – Screen Printing

61. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 61 and therefore denies the same.

62. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 62 and therefore denies the same.

63. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 63 and therefore denies the same.

**The Ink to be Applied to the Container**

64. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 64 and therefore denies the same.

65. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 65 and therefore denies the same.

66. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 66 and therefore denies the same.

67. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 67 and therefore denies the same.

**The Pre-Treatment of the Container**

68. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 68 and therefore denies the same.

**"Know-How" and "Licensed Know-How"**

69. Voss denies the allegations in Paragraph 69, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

70. Voss denies the allegations in Paragraph 70, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

71. Voss is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 71 and therefore denies the same.

72. Voss denies the allegations in Paragraph 72.

### The License Agreement

73.   Voss denies the allegations in Paragraph 73, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

74.   Voss denies the allegations in Paragraph 74, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

75.   Voss denies the allegations in Paragraph 75, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

### Voss Allegedly Breaches the License Agreement

76.   Voss denies the allegations in Paragraph 76, except it admits that it provided Defendant RevTech with notice of, and met with Defendant RevTech in New York to discuss, its intent to purchase new bottle labeling technologies and that it had requested proposals from decoration technology and ink suppliers, including Defendant RevTech.

77.   Voss denies the allegations in Paragraph 77.

78.   Voss denies the allegations in Paragraph 78.

### RevTech Allegedly Sends Notice of Its Purported Termination of the License Agreement to Voss

79.   Voss denies the allegations in Paragraph 79, except it admits that it received a letter from Defendant RevTech that was dated July 5, 2007, and the letter is in writing and speaks for itself.

80.   Voss denies the allegations in Paragraph 80.

5

81. Voss denies the allegations in Paragraph 81.

82. Voss denies the allegations in Paragraph 82.

**Counterclaim One**
**(Permanent Injunction Based On Alleged Termination Of License Agreement)**

83. Voss hereby incorporates by reference its response to Paragraphs 47 through 82 as if fully set forth herein.

84. Voss denies the allegations in Paragraph 84, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

85. Voss denies the allegations in Paragraph 85, except it admits that as of the date this pleading is filed that Voss is continuing to perform under the terms and conditions of the License Agreement.

86. Voss denies the allegations in Paragraph 86.

87. Voss denies the allegations in Paragraph 87.

**Counterclaim Two**
**(Damages For Alleged Breach of Contract)**

88. Voss hereby incorporates by reference its response to Paragraphs 47 through 87 as if fully set forth herein.

89. Voss denies the allegations in Paragraph 89.

90. Voss denies the allegations in Paragraph 90.

91. Voss denies the allegations in Paragraph 91.

92. Voss denies the allegations in Paragraph 92.

93. Voss denies the allegations in Paragraph 93.

94. Voss denies the allegations in Paragraph 94.

### Counterclaim Three
### (Alleged Unjust Enrichment)

95. Voss hereby incorporates by reference its response to Paragraphs 47 through 94 as if fully set forth herein.

96. Voss denies the allegations in Paragraph 96.

97. Voss denies the allegations in Paragraph 97.

### Counterclaim Four
### (Alleged Conversion)

98. Voss hereby incorporates by reference its response to Paragraphs 47 through 97 as if fully set forth herein.

99. Voss denies the allegations in Paragraph 99.

100. Voss denies the allegations in Paragraph 100.

### Counterclaim Five
### (Alleged Patent Infringement)

101. Voss hereby incorporates by reference its response to Paragraphs 47 through 100 as if fully set forth herein.

102. Voss denies the allegations in Paragraph 102.

103. Voss denies the allegations in Paragraph 103.

104. Voss denies the allegations in Paragraph 104.

105. Voss denies the allegations in Paragraph 105.

106. Voss denies the allegations in Paragraph 106.

107. Voss denies the allegations in Paragraph 107.

108. Voss denies the allegations in Paragraph 108.

109. Voss denies the allegations in Paragraph 109.

110. Voss denies the allegations in Paragraph 110.

111. Voss denies the allegations in Paragraph 111.

112. Voss denies the allegations in Paragraph 112.

## Counterclaim Six
### (Alleged Federal Trademark Infringement)

113. Voss hereby incorporates by reference its response to Paragraphs 47 through 112 as if fully set forth herein.

114. Voss denies the allegations in Paragraph 114.

115. Voss denies the allegations in Paragraph 115.

116. Voss denies the allegations in Paragraph 116.

117. Voss denies the allegations in Paragraph 117, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

118. Voss denies the allegations in Paragraph 118.

119. Voss denies the allegations in Paragraph 119.

120. Voss denies the allegations in Paragraph 120.

121. Voss denies the allegations in Paragraph 121.

122. Voss denies the allegations in Paragraph 122.

123. Voss denies the allegations in Paragraph 123.

## General Denial

124. Voss hereby denies any allegation not expressly admitted.

## First Affirmative Defense – Lack of Standing

125. Defendant RevTech is not the sole and exclusive owner, nor is it the exclusive licensee, of the two patents-in-suit and the trademark asserted in

Defendants counterclaim and thus Defendant RevTech lacks standing to assert claims of patent and trademark infringement.

### Second Affirmative Defense – License and Payment

126. Any product manufactured by Voss before July 25, 2007, the purported termination date of the License Agreement, was covered by the parties' License Agreement. Moreover, any allegedly infringing activity that has occurred after July 25, 2007 was also covered by the License Agreement because the License Agreement has not been properly terminated, or was pursuant to an implied license. To that end, Voss had an implied license to use Defendant's technology since Voss pre-paid Defendant around U.S. $150,000 of royalties which have not been used and Voss purchased in bulk and held in inventory the special UV curable ink from Defendant for use in connection with the Licensed Technology. Therefore, the acts of Voss at all relevant times have been licensed and approved by Defendant RevTech, and RevTech has released or acquiesced in the conduct of Voss.

### Third Affirmative Defense – First Sale (Doctrine of Exhaustion)

127. Defendant's claims are barred in whole or in part, or are expressly limited by, the Exhaustion Doctrine.

### Fourth Affirmative Defense – Noninfringement and Invalidity

128. Pursuant to the provisions of 35 U.S.C. §282, Voss pleads noninfringement, absence of liability for infringement, and unenforceability of U.S. Patent No. 6,093,455 (the "'455 Patent") and U.S. Patent No. 6,136,382 (the "'382 Patent"). Moreover, Voss also pleads that the '455 and '382 Patents are invalid for

failing to comply with one or more of the statutory requirements of Sections 102, 103, and 112 of Title 35 of the United States Code.

### Fifth Affirmative Defense – Funtional Use

129. Use of the "EG" mark on bottles decorated with Defendant RevTeck's ink is functional and serves to advise potential customers, re-users, and recyclers of the bottle that the ink on the bottle can be removed by soaking the bottle in an alkali bath when such consumer, re-user, or recycler would not otherwise know that, and is not used as a trademark.

### Sixth Affirmative Defense – Fair Use

130. Voss' use of Defendants' alleged marks is permitted by the doctrine of fair use and the principles of equity.

### Seventh Affirmative Defense – Unclean Hands

131. Some or all of Defendant RevTech's claims are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense – Setoff

132. In the event that this Court determines Voss is liable to Defendant RevTech, Voss is entitled to a setoff in the amount of any unused portion of the royalties Voss pre-paid to Defendant RevTech, which are currently valued at around U.S. $150,000.

### Ninth Affirmative Defense – Failure to State A Claim

133. Defendant RevTech has failed to state a claim a claim for which relief can be granted. Accordingly, its Counterclaims and all of its causes of action should be dismissed with prejudice.

### Tenth Affirmative Defense – Lack of Personal Jurisdiction

134. The Voss Product Distributors who are not residents of New York are not subject to the personal jurisdiction of the United States District Court for the Southern District of New York because they do not have sufficient minimum contacts with this forum, and should therefore be dismissed from this action.

### Prayer For Relief

**WHEREFORE**, Voss prays for:

1. A judgment dismissing all of Defendant RevTech's counterclaims;

2. A judgment declaring that Voss does not infringe the '455 Patent and the '382 Patent;

3. A judgment declaring the '455 Patent and the '382 Patent invalid and unenforceable;

4. An order declaring this an exceptional case and awarding Voss its attorneys fees and costs; and,

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of October 2007.

                                        **KING & SPALDING LLP**

                                        */s/ Keith E. Sharkin*
                                        Keith E. Sharkin (KS-1307)

                                        1185 Avenue of the Americas
                                        New York, NY 10036-4003
                                        Telephone: (212) 556-2100
                                        Facsimile: (212) 556-2222
                                        Email: ksharkin@kslaw.com

                                        *Counsel for Plaintiffs Voss of Norway ASA*
                                        *Voss Production AS, Energy Group AS,*
                                        *and G Energy, Inc.*

**OF COUNSEL:**
John ("Jack") Clifford
MN Bar No. 134,181
**Merchant & Gould P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
Telephone: 612-332-5300
Facsimile: 612-332-9081
Email: Jclifford@merchantgould.com

-and-

Luke Anderson
GA Bar No. 018830
**Merchant & Gould P.C.**
133 Peachtree Street, N.E.
Suite 4900
Atlanta, Georgia 30303-1821
Telephone: 404-954-5100
Facsimile: 404-954-5099
Email: Landerson@merchantgould.com

*Counsel for Plaintiffs Voss of Norway ASA*
*Voss Production AS, Energy Group AS,*
*and G Energy, Inc.*