Keith E. Sharkin
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
ksharkin@kslaw.com
212.556.2100

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOSS OF NORWAY, ASA;<br>VOSS PRODUCTION, AS;<br>VOSS USA, INC.;<br>ENERGY GROUP, AS; and<br>G ENERGY, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>REVTECH, INC. and DECO PATENTS, INC.,<br><br>      Defendants and<br>      Counterclaim Plaintiffs,<br><br>v.<br><br>SOUTHERN WINE & SPIRITS OF AMERICA, et. al.,<br><br>      Counterclaim Defendants. | Civil Action No. 07-CV-7649 |

**PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, VOSS OF NORWAY ASA, VOSS PRODUCTION, AS; VOSS USA, INC.; ENERGY GROUP, AS; and G ENERGY, INC. (collectively "Voss"), by and through their attorneys, hereby reply to Defendants' counterclaims, and without waiving any defense, state as follows:

2926422

## THE COUNTERCLAIMS

### Jurisdiction

70. Denied.

71. Denied.

72. Voss denies the allegations in Paragraph 72, except that it admits that United States Patent No. 6,093,455 (the "'455 Patent") was issued by the United States Patent and Trademark Office ("USPTO") on July 25, 2000; that United States Patent No. 6,136,382 (the "'382 Patent") was issued by the USPTO on October 24, 2000; and that the USPTO issued Trademark Registration No 2,453,376 on May 22, 2001.

73. Voss denies the allegations in Paragraph 73, except that it admits that Voss is a Norwegian corporation whose principal business is the marketing and sale of artesian drinking water from Norway. It is also admitted that Voss' water comes from an artesian aquifer in Southern Norway, that the water is recognized worldwide for its unmatched purity, and that Voss' cylindrical bottle package has quickly developed a superior image and achieved significant market share in the ultra-premium bottled water market.

74. Voss denies that the companies listed in Paragraph 74 are "affiliates," as that term is undefined.

75. Voss denies the allegations in Paragraph 75, except it admits that it has sold bottled water to the parties listed in this paragraph for further distribution or sale.

## Summary of the Counterclaim

76. Denied.

77. Voss denies the allegations in Paragraph 77, except it admits that on December 17, 1999 Voss of Norway AS entered into a License Agreement with RevTech, Inc. ("RevTech"), which is in writing and speaks for itself.

78. Voss denies the allegations in Paragraph 78, except it admits that Defendant RevTech sent personnel to Voss to train Voss employees in how to use the newly licensed technology on Voss' retrofitted Rosario printing machine.

79. Voss denies the allegations in Paragraph 79, except it admits that RevTech provided training to Voss employees over a period of several weeks.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## The Licensed Processes – Screen Printing

84. Admitted, on information and belief.

85. Admitted, on information and belief, except for the allegation that the process is quite complex.

86. Admitted, on information and belief, except for the allegation that the process is even more complex.

### The Ink to be Applied to the Container

87. Voss is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies the same, except for the allegation concerning the existence of the patents, which is admitted.

88. Voss is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies the same.

89. Voss is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies the same, except for the allegation that UV curing has been used for many years. Voss understands, based on representations and marketing from suppliers, that UV curing has been in use for many years.

90. Voss is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies the same.

### The Pre-Treatment of the Container

91. Voss is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies the same.

### "Know-How" and "Licensed Know-How"

92. Voss denies the allegations in Paragraph 92, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

93. Voss denies the allegations in Paragraph 93, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

4

94. Denied.

95. Denied.

## The License Agreement

96. Voss denies the allegations in Paragraph 96, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

97. Voss denies the allegations in Paragraph 97, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

98. Voss denies the allegations in Paragraph 98, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

## Voss Allegedly Breaches the License Agreement

99. Voss denies the allegations in Paragraph 99, except it admits that it provided Defendant RevTech with notice of, and met with Defendant RevTech in New York to discuss, its intent to purchase new bottle labeling technologies and that it had requested proposals from decoration technology and ink suppliers, including from Defendant RevTech.

100. Denied, except that it is admitted that Voss has purchased machines from Kammann and now utilizes ink and technology from sources other than RevTech.

101. Denied.

### RevTech Allegedly Sends Notice of Its Purported
### Termination of the License Agreement to Voss

102. Voss denies the allegations in Paragraph 102, except it admits that it received a letter from Defendant RevTech that was dated July 5, 2007, which is in writing and speaks for itself.

103. Denied.

104. Denied.

105. Denied.

### Counterclaim One
### (Permanent Injunction Based on Alleged Termination of License Agreement)

106. Voss hereby incorporates by reference its response to Paragraphs 70 through 105 as if fully set forth herein.

107. Voss denies the allegations in Paragraph 107, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

108. Denied.

109. Denied.

110. Denied.

### Counterclaim Two
### (Damages For Alleged Breach of Contract)

111. Voss hereby incorporates by reference its response to Paragraphs 70 through 110 as if fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

6

115. Denied.

116. Denied.

117. Denied.

### Counterclaim Three
### (Alleged Unjust Enrichment)

118. Voss hereby incorporates by reference its response to Paragraphs 70 through 117 as if fully set forth herein.

119. Denied.

120. Denied.

### Counterclaim Four
### (Alleged Conversion)

121. Voss hereby incorporates by reference its response to Paragraphs 70 through 120 as if fully set forth herein.

122. Denied.

123. Denied.

### Counterclaim Five
### (Alleged Patent Infringement)

124. Voss hereby incorporates by reference its response to Paragraphs 70 through 123 as if fully set forth herein.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

## Counterclaim Six
### (Alleged Federal Trademark Infringement)

136. Voss hereby incorporates by reference its response to Paragraphs 70 through 135 as if fully set forth herein.

137. Denied.

138. Denied.

139. Denied.

140. Voss denies the allegations in Paragraph 140, except it admits the existence of the License Agreement dated December 17, 1999, which is in writing and speaks for itself.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## General Denial

147. Voss hereby denies any allegation not expressly admitted.

### First Affirmative Defense – Lack of Standing

148. Defendants' patent infringement claims are subject to dismissal for lack of standing.

### Second Affirmative Defense – License and Pre-Payment

149. Any product manufactured by Voss before July 25, 2007, the purported termination date of the License Agreement, was covered by the parties' License Agreement. Moreover, any allegedly infringing activity that has occurred after July 25, 2007 was also covered by the License Agreement because the License Agreement has not been properly terminated, or pursuant to an implied license. Further, Voss had an implied license to use Defendant's technology since Voss pre-paid Defendant RevTech approximately U.S. $150,000 of royalties which were not used and Voss purchased in bulk and held in inventory the special UV curable ink from Defendant for use in connection with the Licensed Technology. Therefore, the acts of Voss at all relevant times were licensed and approved by Defendants RevTech and/or Deco Patents, Inc. ("Deco Patents"), and RevTech and/or Deco Patents released or acquiesced in the conduct of Voss.

### Third Affirmative Defense – Accord and Satisfaction, or Payment

150. Defendants' claims for damages are extinguished because Voss pre-paid royalties and because any royalties that are due have been paid.

### Fourth Affirmative Defense – First Sale (Doctrine of Exhaustion)

151. Defendants' claims are barred in whole or in part, or are expressly limited by, the Exhaustion Doctrine.

9

### Fifth Affirmative Defense – Noninfringement and Invalidity

152. Pursuant to the provisions of 35 U.S.C. §282, Voss pleads noninfringement, absence of liability for infringement, and unenforceability of U.S. Patent No. 6,093,455 (the "'455 Patent") and U.S. Patent No. 6,136,382 (the "'382 Patent"). Moreover, Voss also pleads that the '455 and '382 Patents are invalid for failing to comply with one or more of the statutory requirements of Sections 102, 103, and 112 of Title 35 of the United States Code.

### Sixth Affirmative Defense – Functional Use

153. Use of the "EG" mark on bottles decorated with Defendant RevTech's ink is functional and serves to advise potential customers, re-users, and recyclers of the bottle that the ink on the bottle can be removed by soaking the bottle in an alkali bath when such consumer, re-user, or recycler would not otherwise know that, and is not used as a trademark.

### Seventh Affirmative Defense – Fair Use

154. Voss' use of Defendant's alleged mark is permitted by the doctrine of fair use or principles of equity.

### Eighth Affirmative Defense – Unclean Hands

155. Some or all of Defendants' claims are barred by the doctrine of unclean hands.

### Ninth Affirmative Defense – Setoff

156. In the event that this Court determines Voss is liable to Defendants RevTech and Deco Patents, Voss is entitled to a setoff in the amount of any unused

portion of the royalties Voss pre-paid to Defendant RevTech, which are currently valued at approximately U.S. $31,015.

### Tenth Affirmative Defense – Failure to State A Claim

157. Defendants RevTech and Deco Patents have failed to state a claim for which relief can be granted. Accordingly, the Counterclaims should be dismissed with prejudice.

### Eleventh Affirmative Defense – Lack of Personal Jurisdiction

158. The Voss Product Distributors who are not residents of New York are not subject to the personal jurisdiction of the United States District Court for the Southern District of New York because they do not have sufficient minimum contacts with this forum, and should therefore be dismissed from this action.

### Prayer For Relief

**WHEREFORE**, Voss prays for:

1. A judgment dismissing all of Defendants RevTech and Deco Patents' counterclaims;

2. A judgment declaring that Voss does not infringe the '455 Patent and the '382 Patent;

3. A judgment declaring the '455 Patent and the '382 Patent invalid and unenforceable;

4. An order declaring this an exceptional case under 35 U.S.C. §285, entitling Voss to an award of its attorney fees and costs; and,

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of February 2008.

                                            */s/ Keith E. Sharkin*
                                            Keith E. Sharkin
                                            **KING & SPALDING, LLP**
                                            1185 Avenue of the Americas
                                            New York, NY 10036
                                            ksharkin@kslaw.com
                                            212.556.2100 (phone)
                                            212.556-2222 (fax)

                                            *Counsel for Plaintiffs Voss of Norway ASA;*
                                            *Voss Production, AS; Voss USA, Inc.;*
                                            *Energy Group, AS; and G Energy, Inc.*

**OF COUNSEL:**

John ("Jack") Clifford
**Merchant & Gould P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
612.332.5300 (phone)
612.332.9081 (fax)

*Counsel for Plaintiffs Voss of Norway ASA;*
*Voss Production, AS; Voss USA, Inc.;*
*Energy Group, AS; and G Energy, Inc.*