Jeff H. Galloway
galloway@hugheshubbard.com
Natasha N. Reed
reed@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
212.837.6000

*Attorneys for Counterclaim Defendants J&P Wholesale Imports; Manhattan Beer Distributors; Southern Wine & Spirits of America; and Transatlantic Wine & Spirits*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VOSS OF NORWAY, ASA;** <br> **VOSS PRODUCTION, AS;** <br> **VOSS USA, INC.;** <br> **ENERGY GROUP, AS; and** <br> **G ENERGY, INC.,** <br>     **Plaintiffs,** <br><br> v. <br><br> **REVTECH, INC. and DECO PATENTS, INC.,** <br><br>     **Defendants and** <br>     **Counterclaim Plaintiffs,** <br><br> v. <br><br> **SOUTHERN WINE & SPIRITS OF AMERICA, et al.,** <br><br>     **Counterclaim Defendants.** | Civil Action No. 07 Civ. 7649 (LLS) |

## ANSWER OF COUNTERCLAIM DEFENDANTS TO COUNTERCLAIMS

Counterclaim Defendants, J&P Wholesale Imports; Manhattan Beer Distributors; Southern Wine & Spirits of America; and Transatlantic Wine & Spirits, by and through their undersigned attorneys, respond to the Counterclaim of RevTech, Inc. ("RevTech")

and Deco Patents, Inc. (collectively, "Counterclaim Plaintiffs"), dated January 10, 2008, as follows:

## Jurisdiction

70. Denied.

## The Parties

71. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and thus the same are denied.

72. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and thus the same are denied.

73. Counterclaim Defendants admit that Voss is a Norwegian company in the business of marketing premium bottled water in the United States, and except as so admitted, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph, and thus the same are denied.

74. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and thus the same are denied.

75. This paragraph is answered only as to each Counterclaim Defendant's relationship with Voss. Counterclaim Defendants are without knowledge concerning other Counterclaim Defendants. With that proviso, it is admitted that each named Counterclaim Defendant is a distributor of Voss products, except that certain of the

Counterclaim Defendants are improperly named. Each and every Counterclaim Defendant denies any alleged violation of RevTech's proprietary or intellectual property rights.

76-105.   Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs pertaining to Voss' alleged actions or the screen printing process, and thus the same are denied. To the extent that these paragraphs contain any legal conclusions or allegations relating to Counterclaim Defendants, they are denied.

## COUNTERCLAIM ONE

106.   Counterclaim Defendants incorporate their responses to paragraphs 70 through 105, as though fully set forth herein.

107-110.   Denied.

## COUNTERCLAIM TWO

111.   Counterclaim Defendants incorporate their responses to paragraphs 70 through 110, as though fully set forth herein.

112-117.   Denied.

## COUNTERCLAIM THREE

118.   Counterclaim Defendants incorporate their responses to paragraphs 70 through 117, as though fully set forth herein.

119-120.   Denied.

## COUNTERCLAIM FOUR

121.   Counterclaim Defendants incorporate their responses to paragraphs 70 through 120, as though fully set forth herein.

122-123. Denied.

## COUNTERCLAIM FIVE

124. Counterclaim Defendants incorporate their responses to paragraphs 70 through 123, as though fully set forth herein.

125-135. Denied.

## COUNTERCLAIM SIX

136. Counterclaim Defendants incorporate their responses to paragraphs 70 through 135, as though fully set forth herein.

137-146. Denied.

## FIRST AFFIRMATIVE DEFENSE

147. Some or all of Counterclaim Plaintiffs' claims fail to state a claim upon which relief can be granted, and are therefore subject to dismissal.

## SECOND AFFIRMATIVE DEFENSE

148. Counterclaim Plaintiffs' claims are subject to dismissal for lack of personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

149. On information and belief, all activity giving rise to the claims in this action against Counterclaim Defendants was properly and duly licensed.

## FOURTH AFFIRMATIVE DEFENSE

150. The patents at issue are invalid or unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §101 et seq., including sections 102, 103 and 112, or for inequitable conduct.

## FIFTH AFFIRMATIVE DEFENSE

151. Some or all of the relief sought is barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

152. At all material times, Counterclaim Plaintiffs knew or should have known that there was no basis for any claim against Counterclaim Defendants, and therefore this is an exceptional case under 35 U.S.C. §285, entitling Counterclaim Defendants to an award of attorneys fees.

## SEVENTH AFFIRMATIVE DEFENSE

153. The use of RevTech's mark, if any, is permitted under the doctrine of "fair use" and/or principles of equity.

## EIGHTH AFFIRMATIVE DEFENSE

154. Some or all of Counterclaim Plaintiffs' claims are barred by Counterclaim Plaintiffs' express or implied permission, license and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

155. Counterclaim Plaintiffs are barred from seeking the relief requested by the doctrine of unclean hands and/or patent misuse.

## TENTH AFFIRMATIVE DEFENSE

156. Some or all of Counterclaim Plaintiffs' claims are barred by the first sale doctrine or the doctrine of patent exhaustion.

## ELEVENTH AFFIRMATIVE DEFENSE

157. Some or all of Counterclaim Plaintiffs' claims are barred by principles of equity.

## TWELFTH AFFIRMATIVE DEFENSE

158.    One or more of the Counterclaim Plaintiffs lack standing to bring the claims at issue.

WHEREFORE, Counterclaim Defendants demand that judgment be entered in their favor and against Counterclaim Plaintiffs, that the counterclaims be dismissed, and that judgment be entered in favor of Counterclaim Defendants together with an award of costs and attorney fees, and any further relief deemed appropriate by the Court.

Dated:  February 15, 2008

        */s/ Jeff H. Galloway*
        Jeff H. Galloway
        galloway@hugheshubbard.com
        Natasha N. Reed
        reed@hugheshubbard.com
        **HUGHES HUBBARD & REED LLP**
        One Battery Park Plaza
        New York, NY  10004
        212.837.6000 (phone)
        212.422.4726 (fax)

        *Counsel for Counterclaim Defendants*
        *J&P Wholesale Imports; Manhattan Beer*
        *Distributors; Southern Wine & Spirits of*
        *America; and Transatlantic Wine & Spirits*

**OF COUNSEL:**

John ("Jack") Clifford
**Merchant & Gould P.C.**
3200 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2215
612.332.5300 (phone)
612.332.9081 (fax)

*Counsel for Counterclaim Defendants*