# HELLER, HOROWITZ & FEIT, P.C.

JACOB W. HELLER
RICHARD F. HOROWITZ
ELI FEIT
LAWRENCE J. TOSCANO
STUART A. BLANDER
MAURICE W. HELLER
ALAN A. HELLER
CLIFFORD J. BOND

ALLEN M. EISENBERG
JOSEPH S. SCHICK
EVAN R. SHUSTERMAN

ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, N.Y. 10017
(212) 685-7600

MARTIN STEIN
COUNSEL

CABLE ADDRESS
HELLFEITER, N.Y.

TELECOPIER
(212) 696-9459

WORLD WIDE WEB
HTTP://WWW.HHANDF.COM

WRITER'S E-MAIL
MWHELLER@HHANDF.COM

February 19, 2008

*VIA ECF AND BY HAND*

Honorable Louis L. Stanton, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2250
New York, New York 10007

>    Re:    *Voss of Norway, ASA, et. al. v. RevTech, Inc. and Deco Patents, Inc.*
>           *Case No. 07-CV-7649 (LLS)*

Dear Judge Stanton:

      We are counsel to the Defendants and Counterclaim Plaintiffs in the above-referenced action. We respectfully request that the Court schedule a pre-motion conference with respect to our clients' request for leave to file and serve their First Amended Counterclaims (the "Amended Pleadings") on the Plaintiffs and Additional Counterclaim Defendants.

      This matter is in its very early stages. An initial scheduling conference has yet to be held, discovery has not begun and Defendants' recently served their Answer to Plaintiffs' Second Amended Complaint (whose filing was stipulated to by Defendants).

## **Plaintiffs' Counsel Refuses to Consent to the Amended Pleading**

      On February 7, 2008, this Firm forwarded to Plaintiffs and Additional Counterclaim Defendants' counsel a copy of the proposed Amended Pleadings together with a request that counsel consent to the filing of the Amended Pleadings. By email dated February 13, 2008, Plaintiffs' counsel Jack Clifford, Esq. inexplicably advised that he will not and cannot consent to the filing of the amended pleading because "[t]here are numerous material problems with the document from our perspective" and asked that we "reconsider the document in its entirety in light of its vexations and repetitive nature." In other words, because Mr. Clifford and his clients do not like the factual allegations and legal claims set forth in the proposed Amended Pleadings, he has taken it upon himself to exert some sort of right to block its filing and force Defendants to bother this Court (and expend attorneys fees) with a request for leave to serve and file their Amended Pleadings.

**HELLER, HOROWITZ & FEIT, P.C.**

Honorable Louis L. Stanton, U.S.D.J.
February 19, 2008
Page 2

### Leave to Amend Should be Freely Granted

It is well-settled that pursuant to Rule 15(a), "a district court judge should freely grant leave to amend when justice requires, absent a substantial reason to deny. A liberal pro-amendment ethos dominates the intent and judicial construction of Rule 15 (a)." *3 Moore's Federal Practice*, Section 15.14(1) at 15-28-29.

In ruling on an amendment to add counterclaims, a Court may only consider the factors in the leading case of *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962) which include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *3 Moore's Federal Practice*, Section 15.15[1] at 15-46. Courts should freely grant leave to amend, absent these specified factors. *Foman, supra*, 371 U.S. at 182; *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2nd Cir. 1995) (in absence of reasons specified by Supreme Court, the leave sought, should, as the rules require, be "freely given").

### Defendants' Counterclaims and the Amended Pleadings

Defendants' initial Counterclaims interposed claims against the Plaintiffs and their distributors arising out of Plaintiffs' uncured breach of their license agreement with RevTech. When the initial Counterclaims were filed, it was believed at that time that only one set of breaches had occurred (which resulted in the termination of the parties' license agreement effective July 25, 2007). Defendants further alleged that, because the license agreement had terminated and Voss no longer had any contractual rights to use Defendants' know-how and intellectual property rights, any post-termination use by Voss and its distributors of Defendants' patented processes resulted in damages under the Patent law.

After the Counterclaims were filed it was discovered that there were additional violations/terminations of the license agreement. The first occurred in March 2006 when a transfer of control of Voss transpired without the written consent of RevTech (a right it possessed under the license agreement). This March, 2006 breach resulted in the termination of the license agreement "with immediate effect." The second termination occurred when RevTech's demand that Voss, *inter alia*, comply with certain disclosure obligations under the license agreement were not cured within the cure period set forth in the license agreement.

The crux of Defendants' Amended Pleadings relate to these newly discovered breaches of contract. Accordingly, (i) proposed new Counterclaims Five, Six, Seven and Eight relate to the breach of contract arising out of the unauthorized change of control in Voss; and (ii) proposed new Counterclaims Nine, Ten and Eleven relate to the uncured breaches which resulted in the termination of the license agreement effective November 21, 2007.

**HELLER, HOROWITZ & FEIT, P.C.**

Honorable Louis L. Stanton, U.S.D.J.
February 19, 2008
Page 3

        Defendants also seek to interpose a claim for tortuous interference with contract against a new Additional Counterclaim Defendant TSG Consumer Partners based on the role it played in Voss' unauthorized March 2006 change of control. Specifically, it is alleged in proposed new Counterclaim Twelve that, *inter alia*, because TSG – whose principal was a member of the board of directors of Voss -- (i) knew and/or was on notice of the fact that (a) RevTech possessed the right to withhold its approval of the acquisition of its Voss stock, and (b) this approval right was an opportunity for RevTech to participate in, and profit from, such acquisition, (ii) assisted Voss in its concealment of the purchase transaction from RevTech and (iii) induced, encouraged and participated with Voss in surreptitiously concluding the transaction which resulted in a change of control and resulted in a breach of the license agreement, TSG tortiously interfered with RevTech's contract with Voss.

        Finally, the proposed Amended Pleadings amend the Patent infringement claim to clarify its scope. When the initial Counterclaims were interposed, Voss was still using the machinery and processes it had used throughout the term of the license agreement. Some time thereafter, Voss changed its machines and decorating processes and proclaimed to RevTech that it no longer used Defendants' know-how or patented processes. Since there is no doubt that Voss' unauthorized use of Defendants' know how and intellectual property continued through at least the time Voss stopped using the "old" machine (even though it is believed that Voss continues to violate Defendants' patents but the details of this infringement will not be known for sure until Defendants' visually inspect Voss' facilities and its current processes), Defendants clarified that their Patent violation claim so that it only relates to those infringements that occurred from the date the license agreement terminated through the date Voss changed to its "new" machine and process. Upon the completion of discovery of Voss' "new" decorating process, Defendants will determine whether an additional amendment is warranted to include additional patent infringement claims.

* * *

        Contrary to the Mr. Clifford's protestations, his dislike of the allegations and claims in the Amended Pleadings is not a valid ground for refusing to consent to its filing. None of the *Foman* factors are present here. Accordingly, Defendants' request that they be allowed to file a motion for leave to amend its counterclaims should be granted in all respects.

Respectfully submitted,

Alan A. Heller (AH-7942)

cc: Keith E. Sharkin, Esq. (via email)
    John ("Jack") Clifford, Esq. (via email)
    Regina V. Culbert, Esq. (via email)