STENTON, J

□ ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/08

Keith E. Sharkin
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
ksharkin@kslaw.com
212.556.2100

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOSS OF NORWAY, ASA;<br>VOSS PRODUCTION, AS;<br>VOSS USA, INC.;<br>ENERGY GROUP, AS; and<br>G ENERGY, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>REVTECH, INC. and DECO<br>PATENTS, INC.,<br><br>        Defendants and<br>        Counterclaim Plaintiffs,<br><br>    v.<br><br>SOUTHERN WINE & SPIRITS OF<br>AMERICA, et. al.,<br><br>        Counterclaim Defendants. | Civil Action No. 07-CV-7649 (LLS)<br><br>**PROPOSED<br>SCHEDULING ORDER** |

The parties jointly submit the following proposed Scheduling Order in accordance with the Court's Order for Conference Pursuant to Rule 16(b):

(1)    Date of the conference: February 29, 2008 at 11:30 a.m.

Appearance for Plaintiffs, **Voss of Norway, ASA, Voss Productions, AS, Voss USA, Inc., Energy Group, AS and G Energy, Inc.**:

Keith E. Sharkin, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, (212) 556-2100; and

John A. Clifford, Merchant & Gould, P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2215, (612) 332-5300, (admitted pro hac vice).

3045780

Appearance for Defendants, **RevTech, Inc. and Deco Patents, Inc.**: Alan A. Heller, Heller Horowitz & Feit, P.C., 292 Madison Avenue, New York, NY 10017, (212) 685-7600; and

Todd A. Higgins, Esq., Crosby & Higgins LLP, 350 Broadway, Suite 300, New York, NY 10013, (646) 452-2300.

Appearance for Counterclaim Defendants: **Allan S. Goodman, Inc., Big Blue Distributors, Inc., Cavallaro Specialty Foods, Inc., Classic Wine Imports, Empire Distributors of North Carolina, Four Seasons Hotels Limited, Galaxy Wine Company, LLC, Georgia Crown Distributing, Glazer's Wholesale Distributor, J&P Wholesale Imports, J. Lewis Cooper Co., Manhattan Beer Distributors, Nicholas & Co., Noble Wines Ltd, Origlio Beverage, R&R Marketing, LLC, R.S. Lipman Co., Republic National Distributing Co. and National Distributing Company, Southern Wine & Spirits, Starwood Hotels and Resorts Worldwide, Inc., Transatlantic Wine and Spirits, and Wilsbach Distributing**: John A. Clifford, Merchant & Gould, P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2215, (612) 332-5300.

Appearance for Counterclaim Defendants: **Allan S. Goodman, Inc., Big Blue Distributors, Inc., Cavallaro Specialty Foods, Inc., Classic Wine Imports, Empire Distributors of North Carolina, Four Seasons Hotels Limited, Galaxy Wine Company, LLC, Georgia Crown Distributing, Glazer's Wholesale Distributor, J. Lewis Cooper, Nicholas & Co., Noble Wines Ltd, Origlio Beverage, R&R Marketing, LLC, Republic National Distributing Co. and National Distributing Company, R.S. Lipman Co., Starwood Hotels and Resorts Worldwide, Inc., and Wilsbach Distributing**: Keith E. Sharkin, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, (212) 556-2100.

Appearance for Counterclaim Defendants: **Southern Wine & Spirits of America, J&P Wholesale Imports, Transatlantic Wine and Spirits, and Manhattan Beer Distributors**: Jeff H. Galloway, Hughes Hubbard & Reed, LLP, One Battery Park Plaza, New York, NY 10004-1482, (212)-422-4726.

(2)    Concise statement of the issues:

<u>**Plaintiff Voss of Norway, ASA, et al.'s issues.**</u> (1) Whether there has been a breach of the License Agreement and the Ink Purchase Agreement dated December 17, 1999 between Voss of Norway, ASA and RevTech, Inc.; (2) Whether the License Agreement and the Ink Purchase Agreement were valid, subsisting and not terminated until their expiration on December 31, 2007; (3) Whether the License Agreement and Ink Purchase Agreement required Voss to utilize RevTech's technology in perpetuity; (4) Whether RevTech's process and ink patents (U.S. Patent Nos. 6,093,455 and 6,136,382) are valid patents, or are enforceable against Voss; (5) Whether

Voss disclosed any alleged trade secrets of RevTech to any third parties, or now uses any process that makes use of any alleged trade secrets; (6) Whether Defendants' claim for trademark infringement has any merit; (7) Whether there was a transfer of control or material adverse change sufficient to trigger termination under the License Agreement; (8) Whether there was a breach of the License Agreement by Voss; and (9) Whether RevTech is entitled to any damages and if so, what is the proper measure of damages.

Counterclaim Defendants' issues. (1) Whether any of RevTech's claims against the counterclaim defendants are based upon valid legal theories; (2) Whether RevTech is entitled to collect any damages from Counterclaim defendants; (3) Whether there is personal jurisdiction over the counterclaim defendants who do not transact business in New York; and (4) Whether the case should be stayed or dismissed as to the counterclaim defendants.

**Defendant/Counterclaimant RevTech's issues.** (1) Whether there has been a breach or breaches of the License Agreement and/or the Ink Purchase Agreement dated December 17, 1999 between Voss of Norway, ASA and RevTech, Inc.; (2) Whether there has been a failure to cure breaches noticed in a Notices to Cure dated July 5, 2007 and November 1, 2007; (3) Whether the License Agreement and/or the Ink Purchase Agreement have been terminated as of July 25, 2007 or November 21, 2007; (4) Whether the License Agreement and/or Ink Purchase Agreement terminated effective March, 2006 when Vann AS acquired 40.11% of Voss causing there to be a Transfer of Control of Voss as defined to the License Agreement; (5) Whether RevTech sustained damages due to Voss' failure to disclose to it that Vann AS was acquiring 40.11% of Voss; (6) Whether the post termination use of Defendants' technology by Voss infringed U.S. Patent Nos. 6,093,455 and 6,136,382; (7) Whether the decoration of Voss' products utilizes RevTech's Know How, Licensed Process, trade secrets and/or Confidential Information and/or infringes upon counterclaimant's intellectual property rights including, but

3

not limited to, U.S. Patent Nos. 6,093,455 and 6,136,382 and RevTech's Trademarks; (8) Whether use and/or sale by the Additional Counterclaim Defendants of Voss' products violates U.S. Patent Nos. 6,093,455 and 6,136,382 and RevTech's Trademarks; (9) Whether RevTech is entitled to any damages and if so, what is the proper measure of damages; (10) Whether Voss' claim of tortious interference with contract has been properly pleaded and/or has any merit; (11) Whether Voss has suffered any damages for alleged tortious interference with Voss contract with the Additional Counterclaim Defendants; and (12) Whether TSG Consumer Partners tortiously interfered with RevTech's agreement with Voss.

    (3)    Schedule:

        (a)    The names of persons to be deposed and a schedule of planned depositions: The deposition of Andrew Schlossman, owner of RevTech, was noticed for February 25, 2008. Defendants' position is that this notice is premature under Rule 26 and for this and other reasons, the deposition did not take place. Plaintiffs requested alternative dates for Mr. Schlossman's deposition, and after discussion between the parties the deposition has been rescheduled for the mutually agreed upon date of May 28, 2008.

        Defendant intends to take the depositions of some or all of the following individuals after the conclusion of Mr. Schlossman's deposition: Stian Eilertsen; Ole Sandburg; Roy Christensen; Philip Roederer; Gard Andreassen; Knut Brundtland; Hadley Mullin; Eric Harlem; a representative with knowledge of the facts from Kammann, Maribou and Owens Illinois. The time and place of these depositions are to be agreed upon.

        (b)    A schedule for the production of documents. Plaintiffs served document requests on Defendants on January 22, 2008. As with the deposition notice, Defendants objected that the notice was premature under Rule 26, however Defendants' document production, as well as their responses and objections were subsequently served on March 27, 2008.

        (c)    Dates by which (i) each expert's reports will be supplied to the adversary side, and (ii) each expert's deposition will be completed.

        (i) The parties will each submit expert reports on issues for which they bear the burden of proof by **September 15, 2008**. Rebuttal expert reports will be submitted by **October 15, 2008**. (ii) Expert depositions will be completed by **November 15, 2008**.

4

    (d)    Time when discovery is to be completed: **December 15, 2008**.

    (e)    The date by which Plaintiffs will supply proposed findings of fact to Defendants: **January 9, 2009**. Defendants will supply counterfindings to Plaintiffs by **January 20, 2009**; Plaintiffs' reply counterfindings will be submitted by **January 30, 2009**.

    (f)    The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial: **February 5, 2009**.

    (g)    Final Pre-Trial Conference: ~~To be determined by the Court.~~ [handwritten: 12 o'clock noon, Friday Feb. 20, 2009  LLS]

(4)    A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

The parties anticipate that they will negotiate an acceptable protective order to protect confidential technical and business information and will submit the same to the Court for approval.

(5)    A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

Counterclaim defendants and Voss propose that discovery on the counterclaim defendants be limited to information that cannot be obtained from Voss.

(6)    Anticipated fields of expert testimony, if any.

<u>Voss' proposed fields of expert testimony</u>. (1) Technology expert to discuss information that is commonly known in the industry, and the difference between the RevTech technology and the new technology that Voss is now using, that does not infringe and that does not utilize any of RevTech's alleged trade secrets; (2) Patent expert to discuss non-infringement of the RevTech

patents; (3) Patent expert to discuss invalidity of the RevTech patents; and (4) Damages expert to testify about or refute RevTech's claims for damages.

RevTech's proposed fields of expert testimony. (1) Technology expert – to discuss, *inter alia*, RevTech's Know How, trade secrets and/or Confidential Information (as defined in the License Agreement) and how the use by plaintiff of RevTech's Know How, trade secrets and/or Confidential Information and/or the alleged use by Voss of purported "new technology" infringes upon and/or violates RevTech's rights including, but not limited to, RevTech's trade secrets and U.S. Patent Nos. 6,093,455 and 6,136,382; (2) Patent expert – to discuss infringement of the Patents at issue; (3) Patent expert – to discuss validity of the Patents at issue; (4) Damages expert – to testify about the counterclaimant's claims for damages; and (5) Marketing/Advertising expert – to testify about the value and impact of the Voss bottle on marketing, sales and revenues.

(7)     Anticipated length of trial and whether to court or jury.

The parties anticipate that trial will comprise seven (7) days. Trial will be by jury.

(8)     The parties have discussed a schedule for claim construction ("Markman") issues, but have not resolved how to address those issues in this order. The parties have tentatively agreed upon the following dates:

Disclosure of asserted claims and preliminary infringement contentions: August 15, 2008.
Disclosure of preliminary invalidity contentions: September 15, 2008.

(9)     This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the Scheduling Conference or when justice so requires.

Dated May 8, 2008

KING & SPALDING LLP

By: /s/ Keith E. Sharkin
Keith E. Sharkin

1185 Avenue of the Americas
New York, NY 10036
ksharkin@kslaw.com
212.556.2100 (phone)
212.556.2222 (fax)

*Attorneys for Plaintiffs and
Counterclaim Defendants
Allan S. Goodman, Inc.; Big Blue
Distributors, Inc.; Cavallaro Specialty
Foods, Inc. n/k/a CSF Holding, Inc.;
Classic Wine Imports; Empire Distributors
of North Carolina; Four Seasons Hotels,
Limited; Galaxy Wine Company LLC;
Georgia Crown Distributing Company d/b/a
Alabama Crown; Glazer's Wholesale
Distributor (by Glazer's Wholesale Drug
Co. [Texas], and Glazer's Distributors of
Louisiana, Inc.); J. Lewis Cooper, Co.;
Nicholas & Co.; Noble Wines; Antonio
Origlio, Inc. d/b/a Origlio Beverage; R&R
Marketing, LLC; R.S. Lipman Co.; Republic
National Distributing Co. (and National
Distributing Company); Starwood Hotels
and Resorts Worldwide, Inc.; and Wilsbach
Distributors, Inc.*

CROSBY & HIGGINS LLP

By: /s/ Todd A. Higgins
Todd A. Higgins

350 Broadway, Suite 300
New York, NY 10013
thiggins@crosbyhiggins.com
646.452.2300 (phone)
646.452.2301 (fax)

*Attorneys for Defendants and
Counterclaim Plaintiffs*

MERCHANT & GOULD, P.C.

By: /s/ Regina N. Culbert
    Regina N. Culbert

701 Fifth Avenue, Suite 4100
Seattle, WA 98104
rculbert@merchantgould.com
206.342.6259 (phone)
206.342.6201 (fax)


John ("Jack") A. Clifford
**Merchant & Gould, P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
jclifford@merchantgould.com
612.332.5300 (phone)
612.332.9081 (fax)

*Attorneys for Plaintiffs and
All Counterclaim Defendants*



HUGHES HUBBARD & REED, LLP

By: /s/ Jeff H. Galloway
    Jeff H. Galloway

One Battery Park Plaza
New York, NY 10004-1482
galloway@hugheshubbard.com
212.837.6629 (phone)
212.299.6629 (fax)

*Attorneys for Counterclaim Defendants
J&P Wholesale Imports; Manhattan Beer
Distributors; Southern Wine & Spirits of
America; and Transatlantic Wine & Spirits*

Dated: May 13, 2008  SO ORDERED: /s/ Louis L. Stanton
New York, New York  Louis L. Stanton
United States District Court

9