**☐ ORIGINAL**

STANTON

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/08
```

Keith E. Sharkin
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
ksharkin@kslaw.com
212.556.2100

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOSS OF NORWAY, ASA;<br>VOSS PRODUCTION, AS;<br>VOSS USA, INC.;<br>ENERGY GROUP, AS; and<br>G ENERGY, INC., | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )   Civil Action No. 07-CV-7649 (LLS) |
| v. | )   **STIPULATED PROTECTIVE ORDER** |
| REVTECH, INC. and DECO<br>PATENTS, INC., | )<br>) |
| **Defendants and<br>Counterclaim Plaintiffs,** | )<br>) |
| v. | ) |
| SOUTHERN WINE & SPIRITS OF<br>AMERICA, et. al., | )<br>) |
| **Counterclaim Defendants.** | ) |

        The parties, Plaintiffs VOSS OF NORWAY, A.S.A., VOSS PRODUCTION, AS,
VOSS USA, INC., ENERGY GROUP, AS, and G ENERGY, INC. (collectively "VOSS"),
Defendants REVTECH, INC. and DECO PATENTS, INC. ("Defendants") and the
COUNTERCLAIM DEFENDANTS hereby respectfully request that the following Protective
Order ("Protective Order") be entered by the Court pursuant to Federal Rule of Civil
Procedure 26(c) and the Procedures for Electronic Case Filing for the Southern District of
New York. Each party has proprietary documents, things and information that are protected

MICROFILMED

MAY 1 5 2008 -9:00 AM

3045686

in the normal course of business, but will likely be discoverable in this litigation. Examples of the sensitive documents and information that the parties seek to protect include business methods and strategies, confidential agreements, and information on sales, costs and profit margins. Public disclosure of such information may irreparably harm each party's ability to compete in the marketplace.

Pending entry of this Protective Order by the Court, the parties agree to abide by its terms and to treat designated materials as if this Protective Order were in full force and effect.

1.    **General:** In accordance with the procedures and restrictions set forth below, any party or nonparty to this litigation (hereinafter "designating party") may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in whole or in part, information contained in any material produced, provided or generated as a part of this litigation. Designated material may include, but is not limited to, deposition testimony and transcripts, deposition exhibits, documents and things produced in response to requests for production or subpoenas, answers to interrogatories, responses to requests for admissions, pleadings, testimony, court filings, correspondence, and exhibits provided to the Court. The parties agree to designate information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

2.    **Nondisclosure of Sensitive Information:**    Nothing designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this

Protective Order. The parties may agree to specific exceptions, as provided in paragraph 12 below.

3.    **Use of Confidential and Attorneys' Eyes Only Information In General:** Nothing designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will be used by any recipient for any purpose other than in connection with the above-captioned action.

4.    **"Confidential" Information:**    A designating party may designate as "CONFIDENTIAL" any information that pertains to or is used by the designating party in its business, which has not been made public and which the designating party would not normally reveal to third parties or, if so revealed, would require such third parties to maintain in confidence.    Examples of information that may be designated as "CONFIDENTIAL" include, but are not limited to, sensitive financial information, licensing information, confidential business information, or other information that could harm the competitive position of the designating party.

5.    **"Attorneys' Eyes Only" Information:**    A designating party may designate as "ATTORNEYS' EYES ONLY" information that party believes will result in competitive injury if disclosed other than to counsel of record of the opposing party as provided in this Stipulation.

6.    **Physical Designation of Documents as Confidential:** Documents or tangible items will be designated confidential within the meaning of this Protective Order in the following ways by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner:

3

(a)    In the case of documents and the information contained therein, by placing in a conspicuous manner on each page of the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

(b)    In the case of correspondence and discovery responses and the information contained therein, by placing in a conspicuous manner on the page(s) containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

(c)    In the case of deposition transcripts, by following the procedures set forth in paragraph 14;

(d)    In the case of tangible items, by visibly marking in a conspicuous manner the item or, if not practical, by marking in a conspicuous manner the container or a tag attached to the item, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

(e)    In the case of court filings, by filing under seal;

(f)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced will be considered as marked "ATTORNEYS' EYES ONLY." After the inspecting party selects documents for copying, the producing party will mark as "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" the copies of the documents that contain confidential information prior to producing the copies to the inspecting party.

7.   **Oral Designation of Documents Produced for Inspection:** In lieu of marking the original documents or other material prior to inspection, the designating party or its counsel may designate any document or other material being produced for inspection as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either orally or in correspondence. Such a designation, whether oral or written, will temporarily subject the identified material as being subject to this Protective Order.   However, copies of documents and things subsequently delivered to inspecting counsel must be marked as required by this Protective Order, subject to the provisions of paragraph 8 below.

8.   **Inadvertent Disclosure and Misdesignation:** If a party (the "producing party") inadvertently provides confidential information without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information ("Inadvertent Disclosure"), or designates information with according to a level of confidentiality inapposite with the definitions of such levels in paragraphs 4, 5, and 6 above ("Misdesignation"), the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information. Inadvertent Disclosure or Misdesignation will not be deemed a waiver of confidentiality or the level of confidentiality. Upon notice at any time by a producing party to a recipient that material has been Inadvertently Disclosed or Misdesignated, the recipient will thereafter treat the material under the newly requested designation. The recipient will also take all reasonable steps to prevent any improper use or further disclosure of the material, and to regain any material that has been sent to persons who would not have access to the material under the newly

requested designation.   The receiving party does not waive and is not precluded from challenging the producing party's initial or newly requested designation as provided in paragraph 16 below.

9.    **Filing of Confidential Information With the Court:**   If a party wishes to file "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information with the Court, it will do so only after obtaining authorization from the court pursuant to Procedures for Electronic Case Filing 6.  At the request of the filing party, the designating party may consent to the materials not being filed under seal.  Where possible, only confidential portions of filings with the Court will be filed under seal.  Any copies of papers filed under seal delivered to the opposing party will be identified as having been filed under seal; for example, the identification of documents filed under seal may be made in accompanying correspondence, or documents filed under seal may be provided in an envelope marked "FILED UNDER SEAL."

10.    **Access to "ATTORNEYS' EYES ONLY" Information:**   Access to material designated "ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, will be limited to:

        (a)    the parties' outside counsel of record;

        (b)    the assistants of outside counsel (including secretaries, paralegals, word processors, graphical artists, and clerks) actually assisting such counsel in preparation of this case, provided however, that such assistants have access to designated material only to the extent necessary to perform their duties;

6

(c)   the nonparty experts or consultants, including their secretarial and personnel, retained to assist counsel in this case who become qualified to receive material designated under the Protective Order in accordance with the procedure identified in paragraph 13 below; and

(d)   the Court, court personnel involved with this case, court reporters involved in transcribing deposition or other proceedings in this litigation, and videographers involved in recording depositions, provided that they be subject to the terms of this Protective Order and provided that they are provided designated material only to the extent necessary to perform their duties.

11.   **Access to "CONFIDENTIAL" Information:**  Disclosure of information designated as "CONFIDENTIAL," and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, will be limited to:

(a)   the parties' outside counsel of record;

(b)   the assistants of outside counsel (including secretaries, paralegals, word processors, graphical artists, and clerks) actually assisting such counsel in preparation of this case, provided however, that such assistants have access to designated material only to the extent necessary to perform their duties;

(c)   the nonparty experts or consultants, including their secretarial and personnel, retained to assist counsel in this case who become

7

qualified to receive material designated under the Protective Order in accordance with the procedure identified in paragraph 13 below;

(d)    the Court, court personnel involved with this case, court reporters involved in transcribing deposition or other proceedings in this litigation, and videographers involved in recording depositions, provided that they be subject to the terms of this Protective Order and provided that they are provided designated material only to the extent necessary to perform their duties; and

(e)    up to two (2) employees of the nonproducing party who, at least seven (7) days prior to disclosure of any designated material, will sign an undertaking as set forth in Exhibit A below and provide a copy of the signed undertaking to the other party.

**12. Requests for Specific Exceptions to Paragraphs 10 - 11.** In the event that counsel believes there is a need to disclose documents or information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a person or persons other than those permitted to receive such documents or information by paragraphs 10 - 11, the parties will confer. Upon request from counsel seeking authorization for disclosure, counsel for the party that produced the documents or information at issue will participate in a conference at the earliest opportunity. The parties will make a good faith attempt to resolve the issue of whether the designated information at issue may be disclosed as requested. If an agreement is reached, that agreement will be memorialized in writing. In the event counsel cannot reach an agreement, any party may bring before the Court the question of whether the requested disclosure of

8

designated information is warranted.  If such a matter is brought before the Court, it is the burden of the party opposing the disclosure to show that it is reasonably likely that the requested disclosure could result in competitive injury.

13.     **Independent Experts:** The parties may retain independent experts and consultants to testify and/or assist them in this action.  These experts may have access to Confidential and Attorneys' Eyes Only information as provided in paragraphs 10 - 11 above subject to the following conditions:

(A)     At no time during his or her engagement will any such expert or consultant be, or have any intention of becoming, an officer, director, major shareholder (i.e., over 5% ownership), employee, representative, or agent of any entity engaged in direct competition with the producing party;

(B)     Nonparty experts or consultants will execute an Undertaking in the form attached as Exhibit B.  No designated materials will be provided to any expert or consultant before that expert or consultant has executed the Undertaking.  The original of each expert's and consultant's Undertaking will be maintained by counsel for the party engaging the expert, at least through the conclusion of this action; and

(C)     All experts and consultants will use information and materials provided to them under the terms of this Protective Order solely in connection with their charge by counsel of record in this litigation. They are prohibited from disclosing any such materials or information,

or any materials or information denied there from, to any person not
entitled to receive the materials or information under the provisions of
this Protective Order.

14.  **Deposition Procedures:**  Subject to the terms of this Protective Order,
"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed by a receiving
party at the deposition or depositions of:

(a)  the present employees, directors or officers of the producing
party;

(b)  an author, addressee, or other person indicated as a recipient of
a document containing the information;

(c)  an independent consultant or expert otherwise qualified under
this Protective Order to receive such information;

(d)  any person for whom authorization is obtained at or before the
deposition from the producing party or from the Court; or

(e)  a person who is a material and competent witness with respect
to a document containing the information, or a person identified as an
author or recipient of the information through discovery, investigation,
by the deponent's own testimony, or by the testimony of another
competent witness.  Prior to any disclosure under this subparagraph
(e), notice must be given to the producing party of the specific
information to be given the deponent.  Notice may be oral or written.

10

If the identification of the deponent as an author or recipient comes during the deposition, notice may be given at the deposition. If an objection to disclosure is made, the designated information may not be disclosed to the deponent until the objection is resolved by the parties or until the Court decides disclosure is warranted. The parties will make a good faith attempt to resolve the issue of whether the specific designated information may be disclosed to the deponent. In the event counsel cannot reach an agreement, any party may bring the question before the Court. If such a matter is brought before the Court, it is the burden of the party opposing the disclosure to show a reasonable belief that the requested disclosure would result in competitive injuries. If the deposition is concluded before the matter is resolved, and the Court subsequently rules that the deponent may be questioned about the designated information, then the designating party whose objection previously prevented such questioning will bear the reasonable costs of continuing the deposition for purposes of that questioning.

If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding confidential material, no one may be present during that portion of the deposition other than the deponent, the deponent's counsel, and persons and entities identified in paragraphs 10 - 11 above.

15.    **Deposition Transcripts and Discovery Materials:** A party or nonparty may designate information disclosed during a deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by so indicating at the deposition, either by statement on the

record or by statement to the court reporter, videographer, and all counsel attending the deposition. If designation is made at the deposition, the designating party must request that the court reporter mark the designated portions of the deposition transcript with "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate. The designating party will be responsible for correcting any errors in such markings of the transcript within the 21-day period provided below.

Regardless of whether notice was given at the deposition, every deposition transcript and all information exchanged in the course of a deposition, except for information explicitly designated as nonconfidential by the producing party, will be considered "ATTORNEYS' EYES ONLY" for 21 days after delivery of transcripts to the parties. Each party will have until 21 days after receipt of the deposition transcript in which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The right to make such designation will be waived unless made within the 21-day period. The 21-day period may be reduced or extended by agreement of the parties, and any requests for reduction or extension of such time period will not be unreasonably refused. Designation of entire deposition transcripts is rarely, if ever, reasonable and is therefore disfavored.

16.    **Resolution of Disputes:**  Nothing in this Protective Order will be construed as preventing a party from opposing another party's or nonparty's designation of materials. Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will not constitute a concession that the information, document or thing is appropriately designated. Similarly, failure to object to a designation will not constitute an admission that the material was properly designated.

A party opposing a designation will serve a written objection, including a statement of the grounds for the objection, on the designating party or nonparty. Following service of the written objection, the objecting party must allow the designating party a period of five (5) business days from the receipt of the objection to modify or withdraw its designation. If the designation is not modified or withdrawn within that five-day period, the objecting party may move the Court for an order modifying or removing the designation. The designating party may move the Court for an order confirming the designation at any time after receipt of service of the objection. The first party to file a motion will be the moving party, all later filed motions will be withdrawn. Regardless of which party is the moving party, the designating party or nonparty will bear the burden of proof to justify the disputed designation.

17.    **Security:** Each recipient of designated material will maintain such material in a secure, safe area and will exercise the same standard of care with respect to the storage, custody, use and dissemination of such material.

18.    **Disclosure to Unauthorized Person:** If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

19.    **Limitations on Applicability of Protective Order:** This Protective Order will have no effect upon, and its scope will not extend to:

13

(a)    any party's use of its own information;

(b)    information that was not received from a producing party pursuant to this Protective Order;

(c)    information publicly available or otherwise known to the public before the date of its transmission to the receiving party, or which becomes publicly available or otherwise known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents in violation of this Protective Order or other law.

20.    **Nonwaiver:** This Protective Order will not prejudice to the rights of any party to oppose production of any information on grounds other than confidentiality. For example, nothing in this Protective Order will be construed as requiring disclosure of information, documents, or things that go beyond the scope of appropriate discovery in this case. Any party's designation of any information, document, or thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any party's objections or lack of objections thereto, will not in any way affect or be admissible as to any evidentiary matters; such matters will be governed by the applicable law of evidence. Additionally, nothing in this Protective Order will affect any matter of attorney-client privilege, work product doctrine, or other privileges or immunities; such matters will be governed by the applicable laws of privilege or immunity.

21.    **Advice by Counsel:** Nothing in this Protective Order will bar or restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the

14

course thereof, referring to or relying upon examination of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order, so long as the content of such information is not disclosed to a person not authorized to receive such information under the provisions of this Protective Order.

22.    **Non-Party Reliance on Order:**  If discovery is sought of a person not a party to this action ("nonparty") requiring disclosure of such nonparty's confidential information, the confidential information disclosed by such nonparty may be designated by the nonparty as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, as provided under this Protective Order, and will be subject to the same protection and procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

23.    **Non-Party Requests for Information Subject to This Order:**  If any party is required to respond to a government or court order, subpoena, or any request for discovery in litigation that requests, describes or encompasses information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by someone other than that party, the party receiving the demand will provide written notice to the designating party at least fourteen (14) days prior to the anticipated disclosure.  If any such subpoena, order or discovery request requires compliance in less than fourteen (14) days, the Party receiving the subpoena, court order or discovery request shall promptly notify the other party of the anticipated disclosure and petition the court in which the action under investigation is pending to postpone compliance for at least 14 days.

24.    **Subsequent Modifications of Order:**  This Protective Order will not prevent any party or nonparty from applying to the Court for relief there from, or from applying to the

15

Court for further or additional protective orders.  Subject to the approval of the Court, the parties may also agree among themselves to modify or vacate this Protective Order, provided that all persons and entities (including nonparties) who have designated information or documents pursuant to the provisions of this Protective Order are in agreement.

25.    **Renegotiation for Trial.**  The parties understand that the Court may have specific preferences for how information is handled in the courtroom, and may not wish to rule on how confidential information will be handled at trial at the outset of the litigation. Accordingly, this Protective Order will be effective for all designated documents and information up until trial begins, and will continue to be effective during and after trial with respect to designated documents and information not presented or disclosed at trial.  Prior to the pretrial conference in this action, or no later than two weeks before trial if there is no scheduled pretrial conference, counsel for the parties will attempt to reach agreement on the handling of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to be presented at trial, and will submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

26.    **Continuation of Obligations and Jurisdiction After Conclusion of Action:**  Unless otherwise agreed or ordered, all provisions of this Protective Order restricting the communication or use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information will continue to be binding after the conclusion of this action. The United States District Court for the Southern District of New York will retain jurisdiction to enforce this Protective Order even after termination of this lawsuit.

27.    **Retention of Designated Information After Conclusion of Action.**  Upon conclusion of the litigation, including any appeals, a party may retain documents or

16

information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by another person or entity only as specifically provided in this paragraph. Outside counsel for a party may retain documents or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by another person or entity only to the extent that the designated document or information comprises or is included in: pleadings; court filings; correspondence; demonstratives and exhibits used in court; court transcripts; deposition transcripts (including deposition exhibits); written discovery responses; expert reports; and attorney notes or drafts. Except as otherwise provided in this paragraph:

(a)     Each party will either destroy or return the originals of all designated documents and things produced by another person or entity to that person or entity no later than sixty (60) calendar days after conclusion of this action; and

(b)     Each party will destroy all other documents and things consisting of or including designated information, except deposition transcripts and exhibits, no later than sixty (60) calendar days after conclusion of this action. For example, materials to be destroyed include, but are not limited to, working copies of documents produced by another party. Within fifteen (15) days following completion of destruction, the party will certify in writing that the materials have been destroyed, specifying the date on which destruction was completed. Each party and its outside counsel will be responsible for retrieving and destroying all designated materials provided to consultants or experts.

17

It is SO STIPULATED.

DATED: May 9, 2008

_Todd A. Higgins /(EK)_
Todd A. Higgins, Esq.

**Crosby & Higgins LLP**
350 Broadway, Suite 300
New York, NY 10013
thiggins@crosbyhiggins.com
646.452.2300 (phone)
646.452.2301 (fax)

*Attorneys for Defendants and
Counterclaim Plaintiffs*

_Keith E. Shl._
Keith E. Sharkin, Esq.

**King & Spalding LLP**
1185 Avenue of the Americas
New York, NY 10036
ksharkin@kslaw.com
212.556.2100 (phone)
212.556.2222 (fax)

*Attorneys for Plaintiffs and
Counterclaim Defendants
Allan S. Goodman, Inc.; Big Blue
Distributors, Inc.; Cavallaro Specialty
Foods, Inc. n/k/a CSF Holding, Inc.; Classic
Wine Imports; Empire Distributors of North
Carolina; Four Seasons Hotels, Limited;
Galaxy Wine Company LLC; Georgia Crown
Distributing Company d/b/a Alabama
Crown; Glazer's Wholesale Distributor
(by Glazer's Wholesale Drug Co. [Texas],
and Glazer's Distributors of Louisiana,
Inc.); J. Lewis Cooper, Co.; Nicholas & Co.;
Noble Wines; Antonio Origlio, Inc. d/b/a
Origlio Beverage; R&R Marketing, LLC;
R.S. Lipman Co.; Republic National
Distributing Co. (and National Distributing
Company); Starwood Hotels and Resorts
Worldwide, Inc.; and Wilsbach Distributors,
Inc.*

18

**OF COUNSEL:**

Regina V. Culbert, Esq.
**Merchant & Gould, P.C.**
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
rculbert@merchantgould.com
206.342.6259 (phone)
206.342.6201 (fax)

John ("Jack") A. Clifford, Esq.
**Merchant & Gould, P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
jclifford@merchantgould.com
612.332.5300 (phone)
612.332.9081 (fax)

*Attorneys for Plaintiffs and*
*All Counterclaim Defendants*

Jeff H. Galloway, Esq.
**Hughes Hubbard & Reed, LLP**
One Battery Park Plaza
New York, NY 10004-1482
Galloway@hugheshubbard.com
212.837.6629 (phone)
212.299.6629 (fax)

*Attorneys for Counterclaim Defendants*
*J&P Wholesale Imports; Manhattan Beer*
*Distributors; Southern Wine & Spirits of*
*America; and Transatlantic Wine & Spirits*

ORDER

IT IS SO ORDERED.

DATED: May **13**, 2008

_____

HON. LOUIS L. STANTON
United States District Judge

20

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VOSS OF NORWAY, ASA;<br>VOSS PRODUCTION, AS;<br>VOSS USA, INC.;<br>ENERGY GROUP, AS; and<br>G ENERGY, INC., <br><br>       **Plaintiffs,**<br><br>   v.<br><br>REVTECH, INC. and DECO<br>PATENTS, INC.,<br><br>       **Defendants and<br>       Counterclaim Plaintiffs,**<br><br>   v.<br><br>SOUTHERN WINE & SPIRITS OF<br>AMERICA, et. al.,<br><br>       **Counterclaim Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>**Civil Action No. 07-CV-7649**<br><br>**UNDERTAKING OF [NAME]<br>DESIGNATED UNDER<br>PARAGRAPH 11(e) OF STIPULATED<br>PROTECTIVE ORDER** |

I, _____, state the following:

1.    I have read and understand in its entirety the Stipulated Protective Order ("Protective Order") signed and enter by the Court in this action, and I attest to my understanding that access to material designated under the Protective Order as "CONFIDENTIAL" may be provided to me and that such will be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by and comply with the terms of the Protective Order.

3045686

1

2.     I will not use or disclose to others, except in accordance with the Protective Order, any information subject to the Protective Order. Nothing in this Undertaking will prevent me from using otherwise legally obtained information.

3.     I agree to submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order, and understand that, in the event that I fail to abide by the terms of the Protective Order, I will be subject to sanctions by way of contempt of court.


_____

Signature


_____

Printed Name


_____

Address

2

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **VOSS OF NORWAY, ASA;** | ) | |
| **VOSS PRODUCTION, AS;** | ) | |
| **VOSS USA, INC.;** | ) | |
| **ENERGY GROUP, AS; and** | ) | |
| **G ENERGY, INC.,** | ) | |
| | ) | **Civil Action No. 07-CV-7649** |
| **Plaintiffs,** | ) | |
| | ) | **UNDERTAKING OF EXPERT OR** |
| v. | ) | **CONSULTANT DESIGNATED** |
| | ) | **UNDER PARAGRAPH 13 OF** |
| **REVTECH, INC. and DECO** | ) | **STIPULATED PROTECTIVE** |
| **PATENTS, INC.,** | ) | **ORDER** |
| | ) | |
| **Defendants and** | ) | |
| **Counterclaim Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SOUTHERN WINE & SPIRITS OF** | ) | |
| **AMERICA, et. al.,** | ) | |
| | ) | |
| **Counterclaim Defendants.** | ) | |

I, _____, state the following:

1.  I have been retained by _____ [party] to serve as an expert in the above-captioned action.

2.  I have read and understand in its entirety the Stipulated Protective Order ("Protective Order") signed and entered by the Court in this action, and I attest to my understanding that access to material designated under the Protective Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be provided to me and that such

- 3

access will be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by and comply with the terms of the Protective Order.

      3.    I am not now, nor do I have any current intention of becoming, an officer, director, major shareholder (i.e., over 5% ownership), employee, representative, or agent of any entity engaged in direct competition with VOSS OR NORWAY, ASA; VOSS PRODUCTION, AS;VOSS USA, INC.; ENERGY GROUP, AS; G ENERGY, INC.; REVTECH, INC. or DECO PATENTS, INC.

      4.    I will not disclose or reveal to anyone, or use, any information subject to the Order, except in accordance with the Protective Order.

      5.    I agree to submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order, and understand that, in the event that I fail to abide by the terms of the Protective Order, I will be subject to sanctions by way of contempt of court.

_____

Signature

_____

Printed Name

_____

Address

- 4